**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| WALKAWAY CANADA, INCORPORATED, | ) | |
| WALKAWAY USA, LLC, and ENTERPRISE | ) | |
| FINANCIAL GROUP, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case: _____ |
| v. | ) | |
| | ) | |
| WALK AWAY LEASE, MI SOLUTIONS, LLC, | ) | |
| COVERALL ACQUISITIONS, LLC, MARC M. | ) | |
| ARIZA, WALTER RYAN MACAPAZ, and | ) | |
| TONY DAVID MALDONADO | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

The Plaintiffs, Walkaway Canada Incorporated ("Walkaway Canada"), WALKAWAY USA, LLC ("WUSA"), and Enterprise Financial Group, Inc. ("EFG") complain of Defendants Walk Away Lease, MI Solutions, LLC, Coverall Acquisitions, LLC, Marc M. Ariza, Walter Ryan Macapaz, and Tony David Maldonado.

**JURISDICTION AND VENUE**

1.      This action arises under the trademark laws of the United States, 15 U.S.C. §1501 *et seq.* and under Texas law.

2.      This action is brought pursuant to 15 U.S.C. §§1114(1) and 1125(a) and common law.

3.      This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1367, and 1338.

4.      Venue is appropriate in this district in accordance with 28 U.S.C. §1391(b) and (c).

5.      Defendants are conducting continuous and systematic business by promoting and selling their services within the State of Texas and within the boundaries of the Northern District of Texas.

6.      This Court has personal jurisdiction over Defendants because they are doing business within this judicial district and because they have caused harm and committed the unlawful acts hereinafter complained of in the Northern District of Texas.

## PARTIES AND BACKGROUND FACTS

7.      Plaintiff Walkaway Canada is a Canadian corporation, having an office and principal place of business at 2700 Matheson Blvd. East, Suite 101, East Tower, Box 47, Mississauga, Ontario, L4W 4V9, Canada.

8.      Plaintiff EFG is a Texas corporation with its principal place of business at 122 W. Carpenter Freeway, Irving, Texas, 75039.

9.      Plaintiff WUSA is a Texas limited liability company and wholly owned subsidiary of EFG with its principal place of business at 122 W. Carpenter Freeway, Irving, Texas, 75039.

10.     Defendant Walk Away Lease is believed to be an unincorporated entity used by the other Defendants for their operations complained of herein.  It may be served with process by serving the other Defendants if it has any legally separate existence.

11.     Defendant MI Solutions, LLC, ("MI") is a Texas limited liability company headquartered in Houston, Texas.  It may be served with process by serving its registered agent Coverall Acquisitions, LLC, at 3845 FM 1960 West, Suite 400, Houston, TX  77068.

12.     Defendant Coverall Acquisitions, LLC, purports to be a limited liability company headquartered in Houston, Texas.  It is not organized under the laws of the State of Texas and is not authorized to do business here.  It may be served with process by serving any personnel at its office at 3845 FM 1960 West, Suite 400, Houston, TX  77068.

13.     Defendant Marc M. Ariza is an individual believed to reside in Houston, Texas. He may be served with process at 3845 FM 1960 West, Suite 400, Houston, TX  77068 or wherever he may be found.

14.     Defendant Walter Ryan Macapaz is an individual believed to reside in Houston, Texas.  He may be served with process at 6007 Memorial Dr., Ste. 404, Houston, Texas  77007 or wherever he may be found.

15.     Defendant Tony David Maldonado is an individual believed to reside in Houston, Texas.  He may be served with process at 6007 Memorial Dr., Ste. 404, Houston, Texas  77007 or wherever he may be found.

16.     Walkaway Canada is the owner of United States Trademark Registration No. 2970713 for the mark WALKAWAY issued by the United States Patent and Trademark Office on the Principal Register on July 19, 2005 for "insurance services, namely, insurance consultation, insurance administration, insurance claim consultation."  A copy of this registration is attached hereto as Exhibit A.

17.     Trademark Registration No. 2970713 remains in full force and effect.

18.     Walkaway Canada and EFG entered into a License and Distribution Agreement effective January 17, 2005.

19.      Effective July 26, 2005, Walkaway Canada, EFG, and WUSA entered into an Amendment to the License and Distribution Agreement whereby WUSA acquired the rights and liabilities of EFG pursuant to the License and Distribution Agreement.

20.      Effective January 17, 2010, Walkaway Canada, EFG, and WUSA entered into an Amended and Restated license and Distribution Agreement (the "License Agreement"), which further amended, consolidated and restated all the amendments to the original License and Distribution Agreement.

21.      Pursuant to the License Agreement, Walkaway Canada granted the sole right and license in its licensed marks to EFG to use in connection with the promotion, offering for sale and distribution of licensed products and services in the United States.

## COUNT I (WALKAWAY CANADA)
## FEDERAL TRADEMARK INFRINGEMENT

22.      Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 16 of this Complaint.

23.      Since at least as early as September 2000, and long prior to Defendants' acts complained of in this Complaint, Walkaway Canada has developed, has used, and continues to use, the WALKAWAY mark to designate the source of its services.  Walkaway Canada's use of the WALKAWAY mark has been substantial and continuous for many years.  Walkaway Canada's use of the WALKAWAY mark includes the services identified in its registration, and more specifically includes the operation of a vehicle return program that permits vehicle owners in covered circumstances to return their vehicles with little or no financial penalty.

24.      As a result of substantial sales and advertising by Walkaway Canada of its services, Walkaway Canada's registered trademark has become favorably known to the public and the trade, and identifies and distinguishes the source of origin of Walkaway Canada's

services. Walkaway Canada's registered trademark and the substantial goodwill attained represents a valuable and irreplaceable asset of Walkaway Canada. As a result, Walkaway Canada's services have earned commercial success, recognition, and acceptance in the marketplace.

26. Defendants have used the mark Walk Away Lease in connection with a service offering that purports to allow customers to "get out of a lease." Defendants have not sought federal trademark registration but have filed an assumed name certificate in the Harris County Clerk's records alleging that the name "Walk Away Lease" is owned by Walk Away Lease, Inc., an entity that is not registered with the Texas Secretary of State.

26. Defendants have willfully infringed and sought to appropriate Walkaway Canada's registered WALKAWAY mark. As the Walk Away Lease mark is virtually identical to the WALKAWAY mark, Defendants' use of Walk Away Lease is confusingly similar to Walkaway Canada's WALKAWAY mark.

27. The acts and conduct of the Defendants are likely to cause confusion, mistake and deception as to the source, origin or sponsorship of Defendants' services and affiliation with Walkaway Canada in violation of 15 U.S.C. §1114(1).

28. By using the Walk Away Lease mark, which is confusingly similar to Walkaway Canada's WALKAWAY mark, Defendants are trading on Walkaway Canada's good reputation in furtherance of its business.

29. Walkaway Canada requested that Defendants cease using the Walk Away Lease mark, but Defendants refused to do so by delivery of response letter that appears to have been taken from an internet form and not fully completed.

30.     Walkaway Canada has been irreparably damaged by Defendants willful acts of infringement.  Unless Defendants are enjoined, Defendants will continue to impair the value of Walkaway Canada's trademarks and the good will associated therewith.  Walkaway Canada has no adequate remedy at law.

31.     Defendants have been unjustly enriched by their infringing and unfair activities, and Walkaway Canada is entitled to an accounting for all of Defendants' revenue derived from infringing sales.

## COUNT II (WALKAWAY CANADA, EFG AND WUSA)
## FALSE DESIGNATION OF ORIGIN

32.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

33.     Defendants caused the Walk Away Lease mark to enter interstate commerce.

34.     Defendants' unauthorized use of the Walk Away Lease mark is a misleading statement of fact about their services.

35.     Defendants' unauthorized use of the Walk Away Lease mark is likely to confuse, mistake, and deceive a substantial segment of potential consumers as to the affiliation, connection, or association between Defendants and Walkaway Canada, EFG, and WUSA.

36.     This confusion, mistake and/or deception is likely to influence the purchasing decisions of consumers.

37.     Defendants have willfully infringed and sought to appropriate the WALKAWAY mark.

38.     Defendants' unauthorized use of the Walk Away Lease mark has caused, and unless enjoined by this Court, will continue to cause, irreparable harm, damage and injury to Walkaway Canada, EFG, and WUSA.

**COUNT III (WALKAWAY CANADA, EFG, AND WUSA)**
**UNFAIR COMPETITION**

39.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

40.    Defendants' infringement of Plaintiffs' mark constitutes unfair competition under Texas law both by competing against Plaintiffs using deceptively similar marks and by damaging Plaintiffs' existing and prospective business relationships.  Plaintiffs primarily serve the finance provider market by ensuring the repayment of consumer debt while Defendants attempt to help consumers escape from repayment of debts.

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT**

41.    Walkaway Canada repeats and realleges the allegations of paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

42.    Walkaway Canada used the WALKAWAY mark in connection with its services long before Defendants' first use of the Walk Away Lease mark.

43.    Defendants' use of the Walk Away Lease mark without authorization in connection with its services constitutes an infringement of Walkaway Canada's common law rights in the WALKAWAY mark.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, Walkaway Canada Incorporated, WUSA, LLC, and Enterprise Financial Group, Inc. request that this Court:

A.    Permanently enjoin and restrain Defendants, their officers, agents, servants, employees, directors, representatives, successors, assigns, related companies, those in privity with Defendants or in active concert or participation with Defendants (1) from using the mark

"Walk Away Lease" or any confusingly similar phrases, trademarks or trade names in connection with the advertising, promotion, and marketing of its services; (2) from representing by words or conduct that Defendants or their services are authorized, sponsored, endorsed, or otherwise connected with Walkaway Canada, WUSA or EFG; and (3) any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of Walkaway Canada, WUSA or EFG's services;

B.      Award an accounting for, and enter judgment against Defendants for all profits received from the sale of its services in connection with the Walk Away Lease mark in the United States;

C.      Award to the Plaintiffs their damages suffered as a result of Defendants' misconduct in such sum as the Court shall find to be just as a result of the Defendants' acts complained of herein;

D.      Award to the Plaintiffs punitive damages to deter such misconduct by Defendants or similarly situated persons in the future;

E.      Award to the Plaintiffs an increase in the award of damages up to three times the amount found for deliberate and willful trademark infringement and false designation of origin by Defendants pursuant to 15 U.S.C. §1117(a);

F.      Require Defendants to pay the costs of this action together with the Plaintiffs' attorney's fees and disbursements incurred herein;

G.      Award to the Plaintiffs pre-judgment and post-judgment interest;

H.      Require Defendants pursuant to 15 U.S.C. §1118 to destroy all materials, both in print and in electronic format, bearing the Walk Away Lease mark; and

I.      Award to the Plaintiffs such other and further relief as this Court deems just and equitable.

Filed June 23, 2011.

Respectfully submitted,

SHIELDS, BRITTON & FRASER, PC

_____/s/ Philip T. Kingston_____
James D. Shields
Texas State Bar No. 18260400
Philip T. Kingston
Texas State Bar No. 24010159
5401 Village Creek Drive
Plano, Texas  75093
972-788-2040
972-788-4332 facsimile
jshields@sbflegal.com
pkingston@sbflegal.com

Attorneys for Plaintiffs